**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AMRIK SINGH** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-7725** |
| | : | |
| **JOHN RIFE, ET AL.** | : | |

# ORDER

This 13th day of October, 2026, upon consideration of Petitioner Amrik Singh's Petition for Writ of Habeas Corpus, ECF 1, and the Government's response, it is hereby **ORDERED** that the Petition is **GRANTED**.

**IT IS FURTHER ORDERED** that:

1. The Court finds that Mr. Singh is not subject to mandatory detention under 8 U.S.C. § 1225(b)(1).[1]

2. The Government shall **immediately** release Mr. Singh. If he has been moved out of this Judicial District, the Government shall provide transportation to 700 Arch Street in Philadelphia.

3. Upon Mr. Singh's release the Government shall return all personal belongings confiscated upon or during detention, including identification documents, and certify compliance with this order no later than **4:00 p.m. ET on October 14, 2026**.

4. The Government is temporarily enjoined from re-detaining Mr. Singh for seven days following his release from custody.

---

[1] *See Vargas Quejada v. Jamison,* No. 26-cv-914 (E.D. Pa. Feb. 17, 2026) (McHugh, J.); *Sanchez Ynoa v. Jamison,* No. 26-cv-6726 (E.D. Pa. Sept. 9, 2026) (Marston, J.).

5. If the Government pursues re-detention of Mr. Singh it must first provide him with a bond hearing at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of Mr. Singh's removal proceedings.

6. If the Government pursues re-detention of Mr. Singh, it shall not remove, transfer, or otherwise facilitate the removal of Mr. Singh from the Eastern or Southern Districts of New York prior to the bond hearing that would then be required by this Order.

7. Upon the Government's filing of the certification required by Paragraph 3, the Clerk of Court shall mark this case as **CLOSED**.

/s/ Gerald Austin McHugh
United States District Judge